1  JASON ANDERSON, State Bar No. 172087
   ANTHONY T. FORTE, State Bar No. 295955
2  STRADLING YOCCA CARLSON & RAUTH, P.C.
   660 Newport Center Drive, Suite 1600
3  Newport Beach, CA  92660-6422
   Telephone:  (949) 725-4233
4  Facsimile:   (949) 725-4100
   Email: janderson@sycr.com
5  Email: aforte@sycr.com

6  THOMAS L. DUSTON (*Pro Hac Vice Pending*)
   CULLEN N. PENDLETON (*Pro Hac Vice Pending*)
7  MARSHALL, GERSTEIN & BORUN LLP
   233 South Wacker Drive
8  6300 Willis Tower
   Chicago, IL 60606-6357
9  Telephone:  (312) 474-6300
   Email: tduston@marshallip.com
10 Email: cpendleton@marshallip.com

11 Attorneys for Plaintiff

12                UNITED STATES DISTRICT COURT

13               CENTRAL DISTRICT OF CALIFORNIA

14                     WESTERN DIVISION

15

16 SPECTRUM                          CASE NO.   **CV 14 - 07390 MWF (MANx)**
   PHARMACEUTICALS,
17 INCORPORATED, a Delaware
   Corporation                       **COMPLAINT FOR TRADE**
18                                    **SECRET MISAPPROPRIATION**
        Plaintiff,                    **AND FRAUD**
19
20                                    **JURY TRIAL DEMANDED**
        vs.
21
22 LACHMAN CONSULTING
   SERVICES, INCORPORATED, a
23 New York Corporation; and
   ROBERT POLLOCK, an individual,
24
25        Defendants.
26
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1.     Plaintiff, SPECTRUM PHARMACEUTICALS, INCORPORATED ("SPECTRUM") hereby complains of Defendants, LACHMAN CONSULTING SERVICES, INCORPORATED ("LACHMAN"), and ROBERT POLLOCK ("POLLOCK"), and alleges as follows:

## PARTIES

2.     SPECTRUM is a Delaware corporation, headquartered at 11500 South Eastern Ave, Suite 240, Henderson, Nevada 89052.  SPECTRUM acquires, develops and commercializes oncology drugs.

3.     LACHMAN is a New York corporation headquartered at 1600 Stewart Ave, Suite 604, Westbury, New York 11590.  LACHMAN Consultants provides expert compliance, regulatory affairs, and technical services, through a multidisciplinary team of industry, regulatory, and scientific specialists, to help organizations develop efficient and effective strategies for the submission and approval of drugs, biologics, and devices.

4.     POLLOCK is an individual who currently, and for all times relevant to allegations made herein, resides at 323 Hana Court, Encinitas, California 92024.  At the time of events alleged herein during, POLLOCK was LACHMAN's Executive Vice President, Regulatory Practice.  Among POLLOCK's expertise is counseling clients regarding the resolution of FDA regulatory matters as well as the resolution of patent and exclusivity issues.

## JURISDICTION

5.     This Court has subject matter jurisdiction based upon 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

## VENUE

6.     Venue is proper in this Court pursuant to 28 U.S.C. 1391 because a substantial part of the events giving rise to the dispute occurred in this District and

-1-

COMPLAINT FOR TRADE SECRET MISAPPROPRIATION AND FRAUD

1 | each of the defendants are subject to personal jurisdiction in this District with
2 | respect to this action.

### FACTS

4 | 7.  SPECTRUM is the exclusive licensee to U.S. Patent No. 6,500,829,
5 | entitled "Substantially Pure Diastereoisomers of Tetrahydrofolate Derivatives,"
6 | issued December 31, 2002 ("the '829 Patent").

7 | 8.  On March 7, 2008, the United States Food and Drug Administration
8 | approved SPECTRUM's New Drug Application No. 20-140 for a levoleucovorin
9 | product in the form of a lyophilized powder in a 50 mg dosage strength, which is
10 | marketed by Spectrum under the trade name Fusilev®.

11 | 9.  On April 20, 2011, the FDA granted Spectrum's supplemental New
12 | Drug Application approving Spectrum's marketing of Fusilev® in 175 mg and 250
13 | mg dosage strength solutions for intravenous infusion for use in combination with
14 | 5-flurouracil in the treatment of patients with colorectal cancer.

15 | 10.  Spectrum's levoleucovorin products are covered by the claims of the
16 | '829 Patent.

17 | 11.  Sometime prior to December 2011, Sandoz Incorporated ("Sandoz"),
18 | a corporation organized under the laws of Colorado which is in the business of
19 | making and selling generic pharmaceuticals in the United states, including this
20 | District, filed an Abbreviated New Drug Application ("ANDA"), ANDA No.
21 | 203563 with the FDA, seeking approval to market vials of levoleucovorin in 175
22 | mg and 250 mg dosage strengths.

23 | 12.  Sometime prior to January 2012, InnoPharma Incorporated
24 | ("InnoPharma"), a corporation organized under the laws of the State of Delaware,
25 | which is in the business of developing generic pharmaceuticals in the United states,
26 | filed ANDA No. 203576 with the FDA, seeking approval to market vials of

-2-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS NEWPORT BEACH

LITIOC/2103183v1/000000-1606

1  levoleucovorin in 175 mg and 250 mg dosage strengths.  Sandoz, InnoPharma and

2  all subsequent ANDA filers are referred to hereinafter as "ANDA filers."

3     13.    In its ANDA filing, ANDA filers assert that their proposed products

4  are the bioequivalent of SPECTRUM'S Fusilev® products and in seeking

5  regulatory approval for its own levoleucovorin products, ANDA filers rely upon

6  the data presented by SPECTRM in its earlier NDA and sNDA filings with respect

7  to Fusilev®.

8     14.    On or about December 13, 2011, SPECTRUM received

9  correspondence from Sandoz announcing that Sandoz had included a certification

10  with its ANDA filing that asserted the '829 Patent was invalid, unenforceable, or

11  would not be infringed by Sandoz's commercial manufacture, use or sale of its

12  generic version of levoleucovorin.

13     15.    On or about January 18, 2012, SPECTRUM received correspondence

14  from InnoPharma announcing that InnoPharma had included a certification with its

15  ANDA filing that asserted the '829 Patent was invalid, unenforceable, or would

16  not be infringed by InnoPharma's commercial manufacture, use or sale of its

17  generic version of levoleucovorin.

18     16.    On December 15, 2011, LACHMAN agreed to advise SPECTRUM

19  regarding its strategic approach to potential generic competition for SPECTRUM's

20  Fusilev® (levoleucovorin) product.

21     17.    Shortly thereafter, SPECTRUM shared confidential information with

22  POLLOCK and LACHMAN concerning SPECTRUM's strategies to protect its

23  Fusilev® product from generic competition.

24     18.    Prior to or at the time of the disclosures described herein, LACHMAN

25  acknowledged, on behalf of itself and its employees, and/or LACHMAN and

26  POLLOCK were each aware, that such information was SPECTRUM's

27  confidential information, and that they owed to SPECTRUM an obligation to use

28

-3-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS NEWPORT BEACH

LITIOC/2103183v1/000000-1606

1    that information solely for the purpose of advising SPECTRUM with regard to a
2    strategic approach to counter potential generic competition for SPECTRUM's
3    Fusilev® (levoleucovorin) product, that they were to keep such information strictly
4    confidential, and that neither would use that information in any way detrimental to
5    SPECTRUM.

6         19.   On January 20, 2012, as part of its strategy to protect its products
7    from generic competition, SPECTRUM sued Sandoz in the United States District
8    Court for the District of Nevada alleging that the products for which Sandoz sought
9    FDA approval would infringe upon the '829 Patent.  In addition, SPECTRUM
10   sought a declaration that '829 Patent was valid and enforceable.

11        20.   On March 2, 2012, as part of its strategy to protect its products from
12   generic competition, SPECTRUM sued InnoPharma in the United States District
13   Court for the District of Delaware alleging that the products for which InnoPharma
14   sought FDA approval would infringe upon the '829 Patent.  In addition,
15   SPECTRUM sought a declaration that '829 Patent was valid and enforceable.

16        21.   On June 18, 2014, as part of its strategy to protect its products from
17   generic competition, SPECTRUM sued Ben Venue Laboratories, Inc. ("Ben
18   Venue") in the United States District Court for the District of Nevada alleging that
19   Ben Venue's proposed levoleucovorin product for which Ben Venue sought FDA
20   approval would infringe upon the '829 Patent.  In addition, SPECTRUM sought a
21   declaration that '829 Patent was valid and enforceable.

22        22.   Among the relief requested in those cases, SPECTRUM demands an
23   injunction prohibiting the ANDA filers and any persons acting in active concert or
24   participation with them, from seeking approval of their ANDAs prior to the
25   expiration of the '829 Patent on March 7, 2022.

26        23.   After SPECTRUM filed its lawsuit against Sandoz, on February 8,
27   2012, a meeting was held in Irvine, California, between SPECTRUM, its counsel

28

-4-

1   Marshall, Gerstein & Borun LLP and Hogan Lovells LLP, and LACHMAN. At
2   that meeting, SPECTRUM's confidential plans to protect the exclusivity of its
3   Fusilev product against generic competition were reviewed in detail with
4   LACHMAN and its representative POLLOCK. Both before and after the February
5   8, 2012 meeting, SPECTRUM consulted with LACHMAN and its representative
6   POLLOCK regarding its confidential plans to protect the exclusivity of its Fusilev
7   product.

8       24.     Unbeknownst to SPECTRUM, prior to and at the time of these
9   disclosures and, on information and belief, beginning prior to December 2011
10  when it had agreed to advise SPECTRUM with respect to generic competitors,
11  LACHMAN had entered into an arrangement with one or more ANDA filers to
12  assist them in advancing ANDA filings so as to compete against SPECTRUM'S
13  Fusilev® (levoleucovorin) product.

14      25.     On information and belief, pursuant to that arrangement, on February
15  13, 2012, after obtaining the above disclosures from SPECTRUM on the pretext of
16  assisting SPECTRUM in its efforts to protect its Fusilev product from generic
17  competition, LACHMAN secretly aided one or more ANDA filers, in filing a
18  petition that sought to advance at least one ANDA targeting SPECTRUM's Fusilev
19  product.

20      26.     LACHMAN'S clandestine assistance to the ANDA filers occurred at
21  a time when LACHMAN was well aware that SEPCTRUM and SANDOZ were
22  engaged in litigation over Sandoz's attempts to accelerate Sandoz's own
23  competitive entry into the market with its generic alternative. Such assistance
24  continues through the present day.

25      27.     To aid SPECTRUM'S competitors, on March 18, 2014, LACHMAN
26  submitted a "Citizen's Petition" to the FDA, on behalf of an unnamed client,
27  seeking to expedite approval of a generic equivalent of SPECTRUM's Fusilev®
28

-5-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS NEWPORT BEACH

product. LACHMAN intimated that it was in possession of information that suggested that SPECTRUM had withdrawn its Fusilev® Injection 250 mg/25 mL products from the market for "commercial reasons." LACHMAN sought the FDA's determination concerning the reasons for the withdrawal so as to remove impediments to the approval of the ANDA filed by SPECTRUM's competitor.

28.   Again, on May 14, 2014, LACHMAN made a similar filing on behalf of an unnamed client seeking to expedite the approval of generic equivalents to SPECTRUM's Fusilev® Injection 175 mg/17.5 mL product by requesting that the Commissioner investigate whether the alleged voluntary withdrawal of that product was for reasons of safety or effectiveness, so as to expedite the approval of the competitors ANDA.

## FIRST CAUSE OF ACTION
### (Trade Secret Misappropriation)

29.   SPECTRUM reallages and incorporates by reference the allegations set forth in paragraphs 1 through 28.

30.   This is a cause of action for Misappropriation of Trade Secrets under the Uniform Trade Secrets Act, Cal. Civ. Code §3426 *et seq.*

31.   SPECTRUM possesses confidential, non-public strategies and plans with respect to the protection of its patented Fusilev® products from competition by generic drug companies. SPECTRUM derives economic value from the fact that this information is not generally known to the public or by other persons who could obtain economic value through its use or disclosure.

32.   SPECTRUM's confidential strategies were the subject of efforts, reasonable under the circumstances, to maintain the secrecy of those strategies.

33.   As such, this information qualifies as a "trade secret" under California's version of the Uniform Trade Secrets Act.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS NEWPORT BEACH

-6-

LITIOC/2103183v1/000000-1606

34.   At the time that Defendants LACHMAN and POLLOCK gained access to SPECTRUM'S trade secrets, each knew or had reason to know that the their knowledge of the trade secrets was acquired under circumstances giving rise to a duty to maintain its secrecy and limit its use.

35.   Notwithstanding those obligations, on information and belief, LACHMAN and POLLOCK disclosed to third parties and/or used that information, without the express or implied consent of SPECTRUM, to aid competitors of SPECTRUM in an effort injurious to SPECTRUM and its business.

36.   SPECTRUM is informed and believes that LACHMAN continues to make improper use of its trade secret information, and that it continues to disclose that information without SPECTRUM's consent, and that it will continue to do so unless enjoined.

37.   As a direct and proximate result of Defendants' willful, improper and unlawful use of SPECTRUM's trade secrets, SPECTRUM has suffered and will continue to suffer, harm and damages, at least a portion of which damage is irreparable, for which an award of damages would be inadequate.

38.   The aforementioned acts of Defendants in wrongfully misappropriating SPECTRUM's trade secret information were willful and malicious, warranting an award of exemplary damages pursuant to Civ. Code §3426.3(c), and an award of reasonable attorneys' fees pursuant to Civ. Code §3426.4.

## SECOND CAUSE OF ACTION
### (Fraudulent Concealment)

39.   SPECTRUM realleges and incorporates by reference the allegations set forth in paragraphs 1 through 38.

40.   Prior to receiving the disclosure of SPECTRUM's confidential strategies and business plans, LACHMAN and POLLOCK intentionally failed to

-7-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS NEWPORT BEACH

LITIOC/2103183v1/000000-1606

1   disclose to SPECTRUM that they were actively engaged by a competitor of

2   SPECTRUM in connection with that competitor's efforts to advance its ANDA in

3   order to compete with SPECTRUM and its Fusilev® products.

4     41. At the time SPECTRUM disclosed such confidential information to

5   LACHMAN and POLLOCK, SPECTRUM was unaware of these facts and, had

6   SPECTRUM been made aware of these facts, it would not have made the

7   disclosures that it did to LACHMAN and POLLOCK.

8     42. On information and belief, LACHMAN and POLLOCK concealed the

9   fact of their relationship with the competitor from SPECTRUM with the intent that

10   SPECTRUM make the disclosures of this information due to its ignorance of

11   LACHMAN's and POLLOCK's dealings with this competitor.

12     43. SPECTRUM reasonably relied upon LACHMAN's and POLLOCK's

13   failure to advise it of their relationship with this competitor in making disclosure of

14   to them of SPECTRUM's confidential information

15     44. As a direct and proximate consequence of Defendants' actions,

16   SPECTRUM has suffered and will continue to suffer, harm and damages, at least a

17   portion of which damage is irreparable, for which an award of damages would be

18   inadequate.

19   **REQUEST FOR RELIEF**

20     WHEREFORE, SPECTRUM requests for judgment in its favor against

21   Defendants LACHMAN and POLLOCK for the following relief:

22     A. That Defendants LACHMAN and POLLOCK be adjudged to have

23   misappropriated SPECTRUM's trade secrets, and that such misappropriation was

24   willful;

25     B. That Defendants LACHMAN and POLLOCK be adjudged to have

26   intentionally concealed material information form SPECTRUM, with the intent to

27   fraudulently obtain SPECTRUM's confidential information, and that they are each

28

-8-

1  liable for fraud and fraudulent concealment, and that such actions be deemed

2  willful and malicious;

3        C.     That SPECTRUM be awarded damages in an amount sufficient to

4  compensate it for the injuries to its business, including lost profits, if any, that

5  Defendants additionally disgorge to SPECTRUM any enrichment that they

6  unjustly received as a consequence of their use or disclosure of Spectrum's trade

7  secrets or confidential information;

8        D.     That Defendants LACHMAN and POLLOCK and any other person

9  acting with or through them, or in active concert or participation with them, be

10  temporarily, preliminarily, and permanently enjoined from using or disclosing

11  Spectrum's trade secrets and confidential information, and further that this Court

12  enjoin any activities that have benefitted from the use or disclosure of such

13  information to the extent necessary to eliminate any advantage that was wrongfully

14  obtained, including compelling the withdrawal of the FDA filings made by

15  LACHMAN and described above; and,

16        E.     That SPECTRUM be awarded exemplary and punitive damages and

17  that it be awarded its attorneys' fees.

18                                                    **JURY DEMAND**

19       Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal

20  Rules of Civil Procedure.

21  DATED:  September 22, 2014           STRADLING YOCCA CARLSON &

22                                        RAUTH
                                      A Professional Corporation

23

24                                      By: _____

25                                          JASON ANDERSON
                                      ANTHONY FORTE

26                                          Attorneys for Plaintiff
                                      SPECTRUM

27                                          PHARMACEUTICALS, INC.

28

-9-

COMPLAINT FOR TRADE SECRET MISAPPROPRIATION AND FRAUD

LITIOC/2103183v1/000000-1606